## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICHARD POSTMA, a citizen of Indiana, and JANICE POSTMA, a citizen of Indiana,<br><br>Plaintiffs,<br><br>v.<br><br>DELORES J. VAN LANEN, a citizen of Illinois, individually and as trustee of GST SEPARATE TRUST FBO DELORES J. VAN LANEN,<br><br>Defendant. | Case No. 22-cv-399<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' COMPLAINT AT LAW

Plaintiffs, RICHARD POSTMA ("Richard") and JANICE POSTMA ("Janice") (collectively, "Plaintiffs"), by and through their attorneys, Agruss Law Firm, LLC, allege the following against Defendant, DELORES J. VAN LANEN, individually and as trustee of GST SEPARATE TRUST FBO DELORES J. VAN LANEN ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiffs' Complaint at Law is based on Negligence.

2. Count II of Plaintiffs' Complaint is based on the Wisconsin Safe Place Statute, WIS. STAT. ANN. § 101.11.

3. Count III of Plaintiffs' Complaint at Law is based on a Loss of Consortium.

### PARTIES

4. At all times relevant hereto, Plaintiff Richard was and is an adult citizen of the State of Indiana.

1

5. At all times relevant hereto, Plaintiff Janice was and is an adult citizen of the State of Indiana.

6. At all times relevant hereto, Defendant was and is a citizen of the State of Illinois.

7. At all times relevant hereto, GST SEPARATE TRUST FBO DELORES J. VAN LANEN, managed, owned, controlled, operated, and maintained a vacation rental home business located at or about 4283 Sussex Trail, City of Eagle River, Vilas County, State of Wisconsin.

8. At all times relevant hereto, Defendant was the trustee of GST SEPARATE TRUST FBO DELORES J. VAN LANEN.

## JURISDICTION AND VENUE

9. This Court has diversity subject-matter jurisdiction over the instant case pursuant to 28 U.S.C. § 1332 as the parties are diverse in citizenship and the amount in controversy for Plaintiffs' claims exceeds $75,000.

10. This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) as Defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.

11. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2) as it is the judicial district in which a substantial part of the events giving rise to the claim occurred. Defendant owns and/or is the trustee of a trust which owns real property within this District, and a material portion of the events at issue occurred within this District.

## FACTUAL ALLEGATIONS

12. On or about January 12, 2019, Plaintiffs' daughter-in-law, Celeste H. ("Celeste"), corresponded with Defendant to rent Defendant's lakefront vacation property located at 4283 Sussex Trail, City of Eagle River, Vilas County, Wisconsin ("Subject Property").

13. At all times relevant hereto, the Subject Property was managed, owned, controlled, operated, and maintained by Defendant.

14. On or about January 12, 2019, Defendant agreed to rent House A, located at the Subject Property, to Celeste from July 27, 2019 through August 3, 2019.

15. The purpose of the vacation home rental was for a family vacation including Plaintiffs and other relatives.

16. On or about July 27, 2019, Plaintiffs arrived at the Subject Property and began to unpack their luggage and belongings.

17. At the Subject Property there existed a wooden pier that extended over the bay on Eagle River Lake.

18. At said date and time, Plaintiff Richard walked onto the pier at the Subject Property.

19. At said date and time, when Plaintiff Richard was walking on the pier, the wood planks broke and collapsed, causing Plaintiff Richard to fall through the pier.

20. The fall caused Plaintiff Richard to injure his bilateral knees.

21. At all times relevant, Defendant had a duty to exercise ordinary care in the ownership, operation, maintenance, management, and control of the of the Subject Property.

22. At all times relevant, Defendant breached her duty to exercise ordinary care in the ownership, operation, maintenance, management, and control of the of the Subject Property.

### COUNT I: NEGLIGENCE
*Richard Postma v. Defendant*

23. Plaintiffs Richard repeats and realleges paragraphs one (1) through twenty-two (22) of Plaintiffs' Complaint at Law as the allegations in Count I of Plaintiffs' Complaint at Law.

24. Defendant was negligent in one or more of the following acts and/or omissions:

    a. Failed to repair or replace rotten planks on the pier including, but not limited to, said planks that Plaintiff Richard fell through;

    b. Failed to remediate or otherwise correct the defective and dangerous plank located on the pier walkway;

    c. Failed to ensure that the planks located on the pier walkway did not pose a risk of falling;

    d. Failed to remediate or repair a dangerous condition on the pier;

    e. Failed to give adequate warning of a known dangerous condition on the pier;

    f. Failed to maintain the pier and its planks in a reasonably safe condition; and/or

    g. Was otherwise careless and/or negligent.

25. As a proximate result of one or more of the foregoing negligent acts and/or omissions by Defendant, Plaintiff Richard, fell through the pier located at the Subject Property, which caused him to sustain injuries to his bilateral knees.

26. As a proximate result of the above occurrence, Plaintiff Richard suffered injuries of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, RICHARD POSTMA, prays for judgement against Defendant, DELORES J. VAN LANEN, individually and as trustee of GST SEPARATE TRUST FBO DELORES J. VAN LANEN, in an amount in excess of $75,000.

### COUNT II: WISCONSIN SAFE PLACE STATUTE WIS. STAT. ANN. § 101.11
*Richard Postma v. Defendant*

27. Plaintiff Richard repeats and realleges paragraphs one (1) through twenty-two (22) of Plaintiffs' Complaint at Law as the allegations in Count II of Plaintiffs' Complaint at Law.

28. At all times relevant hereto, Defendant had a duty to exercise ordinary care in the ownership, operation, maintenance, management, and control of the of the Subject Property.

29. At all times relevant hereto, Defendant knew there was an unsafe condition associated with the pier at the Subject Property.

30. At all times relevant hereto, Defendant was negligent in one or more of the following acts and/or omissions:

    a. Failed to repair or replace rotten planks on the pier including, but not limited to, said planks that Plaintiff Richard fell through;

    b. Failed to remediate or otherwise correct the defective and dangerous plank located on the pier walkway;

    c. Failed to ensure that the planks on the pier did not pose a risk of falling;

    d. Failed to remediate or repair a dangerous condition on the pier;

 e. Failed to give adequate warning of a known dangerous condition on the pier;

 f. Failed to maintain the pier in a reasonably safe condition; and/or

 g. Was otherwise careless and/or negligent.

31. As a proximate result of one or more of the foregoing negligent acts and/or omissions by Defendant, Plaintiff Richard fell through the pier located at the Subject Property, which caused him to sustain injuries to his bilateral knees.

32. As a proximate result of one or more of the aforementioned negligent acts and/or omissions of the Defendant, Plaintiff Richard suffered injuries of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, RICHARD POSTMA, prays for judgement against Defendant, DELORES J. VAN LANEN, individually and as trustee of GST SEPARATE TRUST FBO DELORES J. VAN LANEN, in an amount in excess of $75,000.

### COUNT III: LOSS OF CONSORTIUM
*Janice Postma v. Defendant*

33. Plaintiff Janice repeats and realleges paragraphs one (1) through twenty-two (22) of Plaintiffs' Complaint at Law as the allegations in Count III of Plaintiffs' Complaint at Law.

34. Plaintiff Janice was on July 27, 2019, and is now, the wife of Plaintiff Richard.

35. As a proximate result of the injuries sustained by her husband and co-Plaintiff Richard, and as a proximate result of the negligent acts and omissions of Defendant, Plaintiff Janice has suffered and continues to suffer the loss of consortium.

WHEREFORE, Plaintiff, JANICE POSTMA, prays for judgement against Defendant, DELORES J. VAN LANEN, individually and as trustee of GST SEPARATE TRUST FBO

DELORES J. VAN LANEN, in an amount compensating her for the damages suffered and grant all other relief deemed appropriate.

                                                Respectfully submitted,
                                                AGRUSS LAW FIRM, LLC

July 21, 2022                  By: _____
                                                Taylor L. Kosla
                                                Attorney for Plaintiffs

Taylor L. Kosla
SBN: 1125731
Agruss Law Firm, LLC
4809 N. Ravenswood Avenue
Suite 419
Chicago, Illinois 60640
Tel: 312-224-4695
Fax: 312-253-4451
taylor@agrusslawfirm.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| RICHARD POSTMA, a citizen of Indiana, and JANICE POSTMA, a citizen of Indiana, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 22-cv-399 |
| DELORES J. VAN LANEN, a citizen of Illinois, individually and as trustee of GST SEPARATE TRUST FBO DELORES J. VAN LANEN, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## **JURY DEMAND**

Plaintiffs, RICHARD POSTMA and JANICE POSTMA, demand a 12-person jury trial.


July 21, 2022            By: _____
                             Taylor L. Kosla
                             Attorney for Plaintiffs

Taylor L. Kosla
SBN: 1125731
Agruss Law Firm, LLC
4809 N. Ravenswood Avenue
Suite 419
Chicago, Illinois 60640
Tel: 312-224-4695
Fax: 312-253-4451
taylor@agrusslawfirm.com